UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LAZARUS ORTEGA,<br><br>        Plaintiff,<br><br>  vs.<br><br>MICHAEL GIAMMALVO, et al.,<br><br>        Defendants. | Case No:  C 07-4436 SBA<br><br>**ORDER RE SCHEDULING OF *IN CAMERA* HEARING ON PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW** |

      Plaintiff Lazarus Ortega, a state prisoner currently incarcerated at the California State Prison Sacramento, filed the instant excessive force action against Deputy Michael Giammalvo of the Alameda County Sheriff's Office, pursuant to 42 U.S.C. § 1983.  On May 28, 2009, the Court appointed Ivor E. Samson and Gary Martin of Sonnenschein Nath & Rosenthal, LLP ("Sonnenschein"), as counsel for Plaintiff.  The Court set a trial date of June 7, 2010.  On April 8, 2010, the Court, upon stipulation of the parties, continued the trial date to September 8, 2010.  The reason for the continuance was that two of the Sonnenschein attorneys assigned to the case had recently left the firm.

      The parties are now before the Court on Sonnenschein's Motion for Leave to Withdraw as Counsel for Plaintiff Lazarus D. Ortega.  (Docket 65.)  According to Sonnenschein, Plaintiff has advised the firm, in writing and verbally, that he disagrees with their representation of him and has demanded that the firm cease representing him in this case.  (Lau Decl. ¶¶ 3-4.)  Sonnenschein believes that based on its communications with Plaintiff, irreconcilable differences have arisen that preclude the firm's continued representation, consistent with their role as officers of the court.  (Id.; Mot. at 2.)

1  Sonnenschein has given Plaintiff and Defendant notice of its intention to file a motion to
2  withdraw.  (Lau Decl. ¶ 7.)
3       Northern District of California Civil Local Rule 11-5(a) authorizes an attorney to
4  withdraw as counsel of record so long as he or she (1) provides advance written notice to
5  the client and all other parties in the action and (2) obtains leave of court.  Civ. L.R. 11-
6  5(a); see Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992).  "When
7  withdrawal by an attorney from an action is not accompanied by simultaneous appearance
8  of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be
9  subject to the condition that papers may continue to be served on counsel for forwarding
10 purposes, unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).
11 Permission to withdraw is discretionary.  See LaGrand v. Stewart, 133 F.3d 1253, 1269
12 (9th Cir. 1998).
13      The record confirms that Sonnenshein has provided advance notice to both Plaintiff
14 and Defendant's counsel, as required by Local Rule 11-5(a).  In addition, the request to
15 withdraw appears to be supported by good cause.  Under the California Rules of
16 Professional Conduct, a member of the State Bar of California may request withdrawal on
17 the basis of "other conduct [that] renders it unreasonably difficult for the member to carry
18 out the employment effectively."  Cal. Rule of Prof. Conduct 3-700(C)(1)(d).  Here,
19 Plaintiff allegedly has indicated to Sonnenschein that he disagrees with the firm's continued
20 representation of him and that he no longer desires the firm to represent him in this action.
21 (Lau Decl. ¶¶ 3-4.)  Sonnenschein believes, based on its communications with Plaintiff, that
22 "irreconcilable differences" now exist between them.  (Id. ¶ 5.)
23      Notwithstanding the above, Plaintiff should be aware that the potential withdrawal
24 of Sonnenschein as his counsel may carry significant consequences in terms of his ability to
25 proceed with his case.  An indigent inmate bringing a section 1983 action has no right to be
26 represented by an attorney.  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no
27 constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on
28 reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc).  And while the Court has the

discretion to appoint counsel, as it did in this case, the Court's actual ability to secure counsel for indigent inmate is extremely limited.  Few attorneys are willing to accept representation in these types of case on a pro bono (i.e., no charge to the inmate) basis.  <u>In this instance, Plaintiff is fortunate to have a firm of Sonnenschein's caliber agree to represent him</u>.  The firm is well respected and is staffed by well trained attorneys.   As such, <u>Plaintiff should give serious consideration to whether he, in fact, no longer wants Sonnenschein to represent him</u>.  If the Court authorizes Sonnenschein's withdrawal, Plaintiff will be left with two options:  (1) he can represent himself; or (2) he can request new counsel.  Neither option is advisable, however.

First, <u>Plaintiff will be at a significant disadvantage if he chooses to represents himself</u>.   As far as the Court is aware, Plaintiff is not a trained attorney, and therefore, is unfamiliar with the Federal Rules of Civil Procedure, the Federal Rules of Evidence or the Court's Civil Local Rules.  Compliance with the requirements set forth in those rules is <u>mandatory</u>.  The fact that plaintiff is not represented by counsel does not excuse his compliance with these rules.  <u>See</u> <u>Swimmer v. I.R.S.</u>, 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.") (citation omitted).  A pro se party must follow the same rules as a party represented by counsel.  <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).  Plaintiff also should be aware that a violation of the above rules also could have serious consequences in terms of the outcome of this action.  For example, Plaintiff's failure to follow the applicable procedural and evidentiary rules may result the exclusion of some or all of the evidence or testimony he plans to present at trial.  In addition, the failure to comply with these rules, or any order of this Court, may result in the imposition of sanctions, <u>up to and including the dismissal of this lawsuit</u>.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992).

Second, should Plaintiff decide that he would like to be represented by counsel other than Sonnenschein, it may prove extremely difficult for the Court to locate replacement counsel.  As noted above, there are very few attorneys who will to take these types of cases.

It may take months to find new counsel—and that is assuming that there actually are any attorneys presently willing and available to take such a case.  In addition, Plaintiff faces the added disadvantage of already having counsel appointed for him in this case.  The fact that Plaintiff has already had a reputable firm represent him—and then withdraw—will make it highly unlikely that a new attorney would be willing to take on this case.  As a result, it is more than likely that this case would be delayed for several months, if not longer.  Indeed, if it becomes apparent that no attorneys are willing to represent Plaintiff, the case will proceed to trial without counsel to represent him.  In that case, Plaintiff will face all of the perils of self-representation, as discussed above.

Given all of the above, Plaintiff should give serious thought to whether he can reconcile with his counsel at Sonnenschein so that they may continue representing him in this action.  The Court will therefore schedule an *in camera* conference with Plaintiff and Sonnenschein to determine whether Sonnenschein's withdrawal is, in fact, necessary.  Accordingly,

IT IS HEREBY ORDERED THAT:

1. Sonnenschein shall provide a copy of this Order to Plaintiff at his place of incarceration and shall explain to the order to him in person or by telephone.  Sonnenschein shall set up a conference call with counsel and Plaintiff on the line for the purpose of conducting an *in camera* hearing in connection with Sonneschein's motion to withdraw.  The call should be set up for a Wednesday or Thursday at 2:30 p.m. or later, for the weeks of September 6, September 13, September 20 and September 27, 2010.  Sonnenschein shall contact the Court's Deputy Clerk regarding the proposed dates of the call.  The matter will thereafter be scheduled on the Court's calendar.  Sonnenschein's motion to withdraw shall be held in ABEYANCE pending the *in camera* hearing.

2. The pretrial conference and the trial date of September 8, 2010 are VACATED.  These dates shall be rescheduled following resolution of Sonnenschein's motion to withdraw.

3. Plaintiff's motion for writ of habeas corpus ad testificandum, which was filed in anticipation of trial, is DENIED without prejudice.

4. This Order terminates Docket 53 and 62.

IT IS SO ORDERED.

Dated: 9-01-10

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge